UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOE N. MOSES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3370 |
| | ) | |
| DR. VIPIN SHAH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff filed this action while incarcerated in Western Illinois Correctional Center.  28 U.S.C. § 1915A requires the Court to conduct a "merit review" of a Complaint "in which a prisoner seeks redress from a governmental entity or officer."  Plaintiff was released after filing this Complaint, but § 1915A arguably still applies because he filed the case when he was a prisoner.  See Johnson v. Hill, 965 F.Supp. 1487 (E.D. Va. 1997)(§1915A applied to action brought by plaintiff while in prison, even though plaintiff was released before screening).

## LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify

1

cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56. However, *pro se* pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff alleges that he suffered serious injuries to his shoulder and knee prior to his incarceration. As a result, maneuvering himself to and from the top bunk in a prison cell is allegedly difficult and dangerous. A low bunk permit was issued to him in the Lake County Jail and again when he was transferred to the IDOC's Stateville prison. However, when Plaintiff was transferred to Western Illinois Correctional Center Dr. Shah refused to issue a low bunk permit. Dr. Shah allegedly told Plaintiff that he would have to be on psychiatric medicine to warrant a low bunk permit. Plaintiff was thus assigned to the top bunk, from which he fell in July and August, 2010, narrowly avoiding serious injuries. Dr. Shah still refused to issue a low bunk permit. On October 20, 2010, Plaintiff fell again from the top bunk, knocking himself unconscious. He sustained serious injuries that required several days of hospitalization and one month in the prison's health care unit. At the time he filed his Complaint, Plaintiff was allegedly experiencing frequent headaches, painful head pressure and loss of vision.

## ANALYSIS

Deliberate indifference to a serious medical need violates a prisoner's right under the Eighth Amendment to be free from cruel and unusual punishment. Hayes v. Snyder, 546 F.3d 516, 522 (7th Cir. 2008). The medical need must be objectively serious, meaning "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id., *quoting* Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference does not encompass negligence or even gross negligence. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010). Deliberate indifference requires personal knowledge of an inmate's serious medical need and an intentional or reckless disregard of that need. Id.; Hayes, 546 F.3d at 524.

The Court concludes that Plaintiff states an arguable Eighth Amendment claim against Dr. Shah for deliberate indifference to Plaintiff's serious medical need for a low bunk, and for deliberate indifference to the symptoms Plaintiff experienced when he returned from the hospital. However, no inference of deliberate indifference arises against the rest of the defendants. The nurse and the health care unit administrator may have medical training but they do not have the authority to override Dr. Shah's treatment decisions. The administrative defendants have no medical training and are thus entitled to rely on the medical

professionals. Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005)("'If a prisoner is under the care of medical experts... a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.'")(quoted cite omitted). Nor can the administrators be held liable simply because they are in charge. *See* Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983).

IT IS THEREFORE ORDERED:

    1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim against Defendant Dr. Shah for deliberate indifference to Plaintiff's serious need for a low bunk permit and to the medical conditions Plaintiff suffered as a result of his fall from the top bunk. Any other claims shall not be included in the case, except in the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    2. The merit review hearing set for November 7, 2011, is cancelled as unnecessary. The clerk is directed to phone Plaintiff to advise him of the cancellation.

    3. Defendants Fuqua, Taylor, McKee, Chute, Goins, and Boeding are dismissed for failure to state a claim against them.

4. This case is referred to the Magistrate Judge for entry of a Scheduling Order directing service and setting a Rule 16 conference date. A copy of this Opinion shall be served with the Complaint and Scheduling Order.

5. Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

ENTERED: November 2, 2011
FOR THE COURT:

                                               **s/Sue E. Myerscough**
                                               SUE E. MYERSCOUGH
                                               UNITED STATES DISTRICT JUDGE